

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print  Logon

**20SL-CC05655 - LAKIA S BELL V CENTENE CORPORATION (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

Sort Date Entries: ● Descending ○ Ascending    Display Options: All Entries

| | |
|---|---|
| 12/07/2020 | **Corporation Served**<br>Document ID - 20-SMCC-10437; Served To - CENTENE CORPORATION; Server - RINEHART, WILLIAM; Served Date - 03-DEC-20; Served Time - 00:00:00; Service Type - Territory 22; Reason Description - Served; Service Text - LC |
| 11/18/2020 | **Summons Issued-Circuit**<br>Document ID: 20-SMCC-10437, for CENTENE CORPORATION. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| 11/16/2020 | **Filing Info Sheet eFiling**<br>   **Filed By:** LARRY S FIELDS<br>**Note to Clerk eFiling**<br>   **Filed By:** LARRY S FIELDS<br>**Pet Filed in Circuit Ct**<br>Complaint; Right to sue letter.<br>   **On Behalf Of:** LAKIA S BELL<br>**Judge Assigned**<br>DIV 21 |

Case.net Version 5.14.12    Return to Top of Page    Released 11/10/2020

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| LAKIA S. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| CENTENE CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, LAKIA S. BELL, by and through her attorney, Larry Fields of Fields and Associates LLC, and as and for her Complaint and, states as follows:

1. Plaintiff is a black female, more than 40 years of age, with the following physical and/or mental disability emotional distress including anxiety and depression.

2. At all times relevant herein, Plaintiff has been a resident of the City of St. Louis, County of St. Louis, State of Missouri.

3. On information and belief, Defendant is a corporation of the State of Missouri, which has its principal place of business in the City of St. Louis, County of St. Louis, State of Missouri.

4. Plaintiff began working for Defendant as a Product Data Management (PDM) Specialist in October of 2011.

5. During her employment with Defendant, Plaintiff was an exemplary employee and exceeded Centene's legitimate business expectations. Plaintiff was promoted to Lead

1

PDM Specialist within months of her initial hire. In 2013, Plaintiff was promoted to PDM supervisor. She was promoted to PDM Manager in 2014.

6. From 2011 to 2016, Plaintiff's supervisors included former Director Thomas Thelen (White, male), former Vice President Ainette Martinez (Hispanic, female), and Executive Vice President Ed Gallegos (White, male).

7. In 2016, there was a change in senior leadership and Plaintiff began reporting to former Director Amanda Clifton (White, female); Vice President Robert Cadigan (White, male), and Executive Vice President Ed Gallegos (White, male).

8. From April to October 2016, several employees reported being bullied and mistreated by PDM Manager Holly Stanbrough (White, female). Based on my race, sex age, perceived disability.

9. Plaintiff reported the employees' concerns of Ms. Stanbrough's bullying and mistreatment to Human Resources Manager John Kitson (White, male).

10. After reporting the mistreatment and bullying to Mr. Kitson, Ms. Clifton took the following adverse employment actions against Plaintiff:

   a. Subjected Plaintiff to increased work scrutiny;

   b. Removed people from the team Plaintiff supervised;

   c. Demeaned Plaintiff in front of other employees (including without limitation, cutting off Plaintiff in team meetings and making negative comments about Plaintiff);

   d. Attempted to move Plaintiff's accounts and team members behind her back;

   e. Assigned less favorable accounts and job duties to Plaintiff;

Electronically Filed - St Louis County - November 16, 2020 - 09:06 AM

 f. Forced Plaintiff to give up new business; and

 g. Subjected Plaintiff to unfavorable work conditions (including without limitation, denying Plaintiff information that was required for Plaintiff to do her job).

11. In October of 2016, Plaintiff report Ms. Clifton's retaliation, discrimination, and mistreatment to Mr. Kitson. To Plaintiff's knowledge, nothing was done with her report.

12. Ultimately, on October 24, 2016, Plaintiff was transferred to Claims Operations and took on a new position Business Analyst IV. Plaintiff then worked under Senior Manager Amy Hartman (White, female), Director Shari Rothwell (White, female), and Executive Vice President Ed Gallegos (White, male).

13. Ms. Clifton and Ms. Stanbrough were ultimately demoted to knowledge workers in on or about 2017 and no longer serve in management positions.

14. From December 2017 to January 2019, Ms. Rothwell took the following adverse employment actions against Plaintiff:

 a. Demeaned Plaintiff in front of other employees;

 b. Failed to consider or hire Plaintiff for the position of lead business analyst (Ms. Rothwell claimed Plaintiff was not qualified for the position, even though Plaintiff was more than qualified);

 c. Attempted to force Plaintiff to take the lower position of process business analyst;

 d. Interfered with Plaintiff's attempts to advance in her career (including without limitation, making false statements about Plaintiff to other Centene employees and instructing other supervisors not to hire Plaintiff for certain positions);

3

    e. Made inappropriate, sexist remarks about Plaintiff (and failing to correct other employees who made inappropriate, sexist remarks); and

    f. Increased Plaintiff's job duties.

15. Plaintiff reported Ms. Rothwell to the corporate compliance hotline on or about December of 2017. To Plaintiff's knowledge, nothing was done in response to this report. Due to Ms. Rothwell's mistreatment of Plaintiff, Plaintiff was ultimately forced to transfer to Risk Adjustment department on or about 23 April 2018.

16. In 2018 Director, Payment Integrity Solutions Stephanie Swartz (White, female) and Vice President, Payment Integrity Implementation & Operations Jennifer Whittaker (White, female) discriminated against her by treating her less favorably compared to HEDIS Operations Manager Johnel Furmanek (White, male), including without limitation the following:

    a. Failed to provide Plaintiff with adequate training;

    b. Refused to provide information necessary for Plaintiff to perform her job duties; and

    c. Failed to adequately address, discipline, or take appropriate action toward employees who worked under Plaintiff who were insubordinate, made inappropriate and racist remarks about Plaintiff, spread false information about Plaintiff, lied to Plaintiff, and/or undermined Plaintiff's supervisory authority (However, appropriate corrective action was taken toward insubordinate employees who Mr. Furmanek supervised); and

    d. Refused to observe Plaintiff's team meetings or other assistance/support, even though Mr. Furmanek's meetings were observed and he was provided with ample assistance and support.

17. On or about 7 January 2019 Ms. Swartz issued a Last Chance Agreement against Plaintiff without basis. They later transferred Plaintiff to the department of Anthony Peek Director of Risk Adjustment (Black, male), apparently in an attempt to avoid the appearance of racial discrimination.

18. From January 2019 to February 2019 Plaintiff was subject to following discrimination at the hands of Mr. Peek:

    a. Subjecting Plaintiff to embarrassing and humiliating work situations (including but not limited to Mr. Peek asking Plaintiff to do a SWOT analysis on herself to identify professional weaknesses;

    b. Yelling at, cursing at, and demeaning Plaintiff, often times doing so in front of other employees; and

    c. Forcing Plaintiff to share confidential health information to him while out on Family Medical Leave Act (FMLA) leave.

19. Centene terminated Plaintiff on 9 February 2019 without justification.

20. On February 18, 2019, Plaintiff filed a charge of discrimination and retaliation with the Missouri Commission on Human Rights, alleging unlawful retaliation and discrimination on the basis of race, color, sex, age, and disability. The charge alleged continuing discrimination from 2016-2018. This matter was cross-filed with the U.S. Equal Employment Opportunity Commission.

5

21. The Missouri Commission on Human Rights issued its right to sue, dated August 19, 2020. The Right to Sue is attached hereto as **Exhibit A**.

22. In the Notice of Right to Sue, the MCHR determined it lacked jurisdiction over Plaintiff's allegations that occurred prior to August 22, 2018 because the complaint was not filed within 180 days of the alleged discrimination. Ex. A. The MCHR failed to refer these allegations to the EEOC for further investigation and decision, even though the EEOC allows 300 days to file a charge of discrimination/retaliation. The MCHR failed to address Plaintiff's allegations that Defendant's actions constituted a continuing action.

23. The MCHR also terminated its proceedings as to Plaintiff's allegations occurring on and after August 22, 2018. Ex. A.

### COUNT I – RACE-BASED AND COLOR-BASED DISCRIMINATION
*Missouri Human Rights Act,* **Mo. Rev. Stat. § 213.055 (2000)**

24. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

25. Plaintiff suffered various adverse employment actions outlined above.

26. Similarly situated non-black employees were treated more favorably than Plaintiff.

27. Such actions constitute a race-based and color-based discrimination, in violation of the *Missouri Human Rights Act*, Mo. Rev. Stat. § 213.055 (2000)

### COUNT II – RACE-BASED AND COLOR-BASED DISCRIMINATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*

28. Paragraphs 1-27 are re-alleged and incorporated herein by reference.

29. Such actions constitute a race-based and color-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e*, et. seq.*

### COUNT III – SEX-BASED DISCRIMINATION
*Missouri Human Rights Act,* **Mo. Rev. Stat. § 213.055 (2000)**

30. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

31. Plaintiff suffered various adverse employment actions outlined above.

32. Similarly situated male employees were treated more favorably than Plaintiff.

33. Such actions constitute sex-based discrimination, in violation of the *Missouri Human Rights Act*, Mo. Rev. Stat. § 213.055 (2000)

### COUNT IV – SEX-BASED DISCRIMINATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*

34. Paragraphs 1-23 and 30-33 are re-alleged and incorporated herein by reference.

35. Such actions constitute sex-based discrimination, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e*, et. seq.*

### COUNT V – AGE-BASED DISCRIMINATION
*Missouri Human Rights Act,* **Mo. Rev. Stat. § 213.055 (2000)**

36. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

37. Plaintiff suffered various adverse employment actions outlined above.

38. Similarly situated employees under 40 years of age were treated more favorably than Plaintiff.

7

Electronically Filed - St Louis County - November 16, 2020 - 09:06 AM

39. Such actions constitute age-based discrimination, in violation of the *Missouri Human Rights Act*, Mo. Rev. Stat. § 213.055 (2000).

**COUNT VI – AGE-BASED DISCRIMINATION**
*Age Discrimination in Employment Act of 1967,* **29 U.S.C. § 621,** *et. seq.*

40. Paragraphs 1-23 and 36-39 are re-alleged and incorporated herein by reference.

41. Such actions constitute age-based discrimination, in violation of the *Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et. seq.*

**COUNT VII – DISABILITY-BASED DISCRIMINATION**
*Missouri Human Rights Act,* **Mo. Rev. Stat. § 213.055 (2000)**

42. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

43. Plaintiff has a disability and is regarded by Defendant as having a disability.

44. Plaintiff suffered various adverse employment actions outlined above.

45. Similarly situated non-disabled employees were treated more favorably than Plaintiff.

46. Such actions constitute disability-based discrimination, in violation of the *Missouri Human Rights Act*, Mo. Rev. Stat. § 213.055 (2000)

8

## COUNT VIII – DISABILITY-BASED DISCRIMINATION
*Americans with Disabilities Act of 1990, 42 USC § 12101, et seq.*

47. Paragraphs 1-23 and 42-46 are re-alleged and incorporated herein by reference.

48. Such actions constitute disability-based discrimination, in violation of the *Americans with Disabilities Act of 1990, 42 USC § 12101, et seq.*

## COUNT IX – RETALIATION
*Missouri Human Rights Act,* **Mo. Rev. Stat. § 213.055 (2000)**

49. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

50. Plaintiff's engaged in legally protected activity in reporting the unlawful discrimination and retaliation toward her and other employees.

51. Plaintiff suffered various adverse employment actions.

52. Plaintiff's engagement in legally protected activity caused the adverse employment action.

53. Such actions unlawful retaliation, in violation of the *Missouri Human Rights Act*, Mo. Rev. Stat. § 213.055 (2000)

## COUNT X – RETALIATION
*Title VII of the Civil Rights Act of 1964,* **42 U.S.C. § 2000e,** *et. seq.*

54. Paragraphs 1-23 and 49-53 are re-alleged and incorporated herein by reference.

55. Such actions constitute unlawful retaliation, in violation of the *Title VII of the Civil Rights Act of 1964,* 42 U.S.C. § 2000e*, et. seq.*

### COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Missouri Common Law

56. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

57. Defendant's conduct was extreme and outrageous.

58. Defendant acted in an intentional and reckless manner (especially in ignoring Plaintiff's repeated reports of long-standing mistreatment, discrimination, and retaliation made to Centene human resources and corporate compliance).

59. Such conduct resulted in severe emotional distress to Plaintiff that is medically diagnosable and medically significant.

### COUNT XII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Missouri Common Law

60. Paragraphs 1-23 are re-alleged and incorporated herein by reference.

61. As Plaintiff's employer, Defendant owed a legal duty to Plaintiff to protect her from injury.

62. Defendant breached its duty to Plaintiff.

63. Defendant's breach of its duty was the proximate cause of injury to the Plaintiff.

64. Defendant should have realized that its conduct (especially its conduct in ignoring Plaintiff's repeated reports of long-standing mistreatment, discrimination, and retaliation made to Centene human resources and corporate compliance) involved an unreasonable risk of causing Plaintiff distress.

65. Such conduct resulted in severe emotional distress to Plaintiff that is medically diagnosable and medically significant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, LAKIA S. BELL, requests that Court award her the following relief:

(a) That Plaintiff, be awarded appropriate damages in excess of $25,000.00 to compensate her for her economic damages, including but not limited to all back pay and front pay, emotional distress damages, and all other benefits, and/or other appropriate relief to which she is entitled by virtue of Defendant's violations;

(b) That Plaintiff be awarded prejudgment interest on the above damages;

(c) That Plaintiff be awarded punitive damages against the Defendant in an appropriate amount and as allowed by law against the Defendant;

(d) That Plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses incurred in this lawsuit, with interest thereon; and

(e) That Plaintiff be awarded any such other and further relief deemed just.

By:   /s/Larry S. Fields
Larry Fields 58044
Fields and Associates LLC
707 North Second Street
Suite 400
St. Louis, MO. 63102
Telephone: 314-241-3535
Facsimile: 314-241-3536
Email: lsf19@msn.com
*Attorneys for the Plaintiff*

Electronically Filed - St Louis County - November 16, 2020 - 09:06 AM

12

Electronically Filed - St Louis County - November 16, 2020 - 09:06 AM

Larry Fields
Fields and Associates LLC
707 North Second Street
Suite 400
St. Louis, MO. 63102
Telephone: 314-241-3535
Facsimile: 314-241-3536
Email: lsf19@msn.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: NANCY WATKINS MCLAUGHLIN | Case Number: 20SL-CC05655 | **SHERIFF FEE PAID** |
|---|---|---|
| Plaintiff/Petitioner: LAKIA S BELL | Plaintiff's/Petitioner's Attorney/Address LARRY S FIELDS 415 S 18TH STREET SUITE 101 ST LOUIS, MO  63101 | |
| vs. | | |
| Defendant/Respondent: CENTENE CORPORATION | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO  63105 | |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CENTENE CORPORATION
**Alias:**

7700 FORSYTH BOULEVARD
ST LOUIS, MO  63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__18-NOV-2020__
Date

_____
Clerk

**Further Information:**
LES

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                         Date                                                     Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |
| A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54. | |

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10437**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10437**     4     **(**Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

18  Return   SB 12/18



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | Case Number: 20SL-CC05655 | **SHERIFF FEE PAID** |
|---|---|---|
| Plaintiff/Petitioner:<br>LAKIA S BELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LARRY S FIELDS<br>415 S 18TH STREET<br>SUITE 101<br>ST LOUIS, MO 63101 | **FILED**<br>NOV 24 2020<br>JOAN M. GILMER<br>CIRCUIT CLERK, ST. LOUIS COUNTY |
| Defendant/Respondent:<br>CENTENE CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

## Summons in Civil Case

The State of Missouri to: CENTENE CORPORATION
Alias:
7700 FORSYTH BOULEVARD
ST LOUIS, MO 63105

22 RJNEW

DEC 10 2020

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

18-NOV-2020
Date

_____
Clerk

Further Information:
LES

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

__Sujan__ (name)  __mgr.__ (title).

☐ other _____
Served at __7700 Forsyth__ (address)
in __STL__ (County/City of St. Louis), MO, on __12/3/20__ (date) at __9A__ (time).

__William Rinehart__           __William__
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date)
(Seal)
My commission expires: _____
Date            Notary Public

12/15