UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKIA S. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-01821-SEP |
| CENTENE CORPORATION, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Combined Motion for Leave to File First Amended Complaint and Motion to Remand. Doc. [11]. For the reasons that follow, the Motion will be granted.

Plaintiff Lakia Bell filed her original Complaint in state court on November 16, 2020. Doc. [6]. The Complaint consisted of twelve counts, including state and federal claims. Defendant Centene Corporation removed the action on December 18, 2020. Doc. [1]. Shortly thereafter, Bell moved to amend the Complaint, eliminating all federal claims. Doc. [11-1]. Defendant does not oppose the amendment. *See* Doc. [13] at 2. In fact, General Motors answered the First Amended Complaint before the Court ruled on Plaintiff's Motion. Doc. [12]. In light of her Amended Complaint, Bell also asks that the Court remand this action for lack of federal question jurisdiction. Doc. [11] at 2. General Motors does not oppose remanding and states that there is no "prejudice to Defendant posed by a change of forum." Doc. [13] at 2. Thus, the Court will permit the filing of the First Amended Complaint and remand the action to state court.

In her Motion, Plaintiff also requests attorneys' fees and costs because of the expenses she incurred in preparing her motion to remand. Doc. [11] at 2. Bell cites to 28 U.S.C. § 1447(c), stating the "intent of the statute" is to reimburse parties like Plaintiff "who have incurred expenses in attacking an insufficient removal." *Id.* Plaintiff's argument is not well taken. *See Covenant Corp. v. City of N. Little Rock*, 748 F.3d 479, 483 (8th Cir. 2015) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

1

removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005))).  Defendant's removal of this action was not insufficient or "lack[ing] an objectively reasonable basis."  *Id.*  The original Complaint asserted numerous claims arising under federal law, giving this Court federal question jurisdiction over this action at the time of removal.  Plaintiff's subsequent elimination of those federal claims does not make Defendant's removal unreasonable or "insufficient."  Therefore, the Court will deny Plaintiff's request for attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Combined Motion for Leave to File First Amended Complaint and Motion to Remand (Doc. [11]) is **GRANTED in part** and **DENIED in part.**  Plaintiff's requests for leave to file the First Amended Complaint and to remand are **GRANTED**.  Plaintiff's request for attorneys' fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri, for all further proceedings.

An appropriate Order of Remand will be entered on this date.

Dated this 8th day of April, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE